Good morning, Your Honors. I am pretty satisfied with how we briefed the issues, the evidence, and the law in this case. I think it's pretty clear. I wanted to talk to all of you and highlight a few things. Were you the trial attorney? I was the trial attorney. All right, so you know all the answers. I should know all the answers. Hopefully I do. Okay. The opposition, as I read it, Your Honors, is based on two premises that are incorrect. Without those, there really isn't an opposition. In those two premises, the first is that somehow we have a mistake of fact, or excuse me, that somehow we waived our argument, is one of the arguments. The other argument is that... What argument? What argument has been waived according to the opposition? Well, what they are saying, and using a case law that has to do with jury instructions on 49A cases like the one we're here about, where it's a special instruction case, is that somehow by not objecting when the jury was dismissed, we waived our argument. Well, you did agree to the instruction. When it came back and the judge said, here's what I'm going to do. I'm going to send it back for, I'm paraphrasing, for nominal damages, you said that's exactly what we want you to do. And so if that's what you agreed to, how can you now complain? Well, Your Honor, there's a couple reasons for that. One is that you'd have to understand the circumstances of the trial at the time. We tried to lay those out for you in the briefing that we supplied. But more importantly, I'm not arguing that I didn't say that at the time of the trial. Those are my words. But there is no case that's been cited that says that results in any kind of waiver in a 49A case. We've looked. There's been no authority. So basically you're saying if it were a jury instruction issue, perhaps you would have waived it. But because it's whether or not the jury's verdict is consistent with the evidence, you have not waived that particular case. Absolutely. And, in fact, Pierce says that very thing. And Salmon, which is the only case they decided to forward this waiver argument, cites Pierce and basically affirms that in 49A cases like this, where it's a question of inconsistencies like we have here in the jury's answers in the verdict, it doesn't apply. What should the judge have said? At that moment, the judge wanted to know how to respond to this jury question, made this proposal to the counsel. You said okay, but in retrospect, you think maybe you shouldn't have said okay. What should the judge have said? Well, what the judge should have done, as we say in our brief, this is the second premise of the opposition that I wanted to address, the judge should have said something along the lines of I want to put a special verdict in front of the jury or re-instruct them about compensatory damages since this jury had found a constitutional violation of my client's rights, the excessive use of force. They found that. They marked the yes box there. And they found that there was injury, harm, or damage caused by it. Now, the opposition, if you read it. So what should the judge have said? I agree. I understand that that's what the jury found, and now the judge is faced with the issue of okay, I've got a jury that has come back and said we find liability and we find injury, but we're not going to give any damages. The judge should have then responded. Well, what the law provides, Your Honor, that's a good question. I think he should have said to them you need to come back with compensatory damages of some amount. Which could have included nominal damages. Re-instruct them about nominal damages and compensatory damages. But what he did instead, and we don't think this is in accordance with the law, is he told them in essence you have to come back with nominal damages. So if you would have stricken the word nominal, that would have been okay with you? Well, it would. And the reason for that is that the case law is clear in all districts, that if you have a constitutional violation strictly in excess of four seats and you have damage resulting from that, it's found by the jury and you have to have compensation. Okay. I get it. And this is the problem. Counsel, counsel, let's move on to the question, if I may. Now, this might sound hyper-technical, but the case is unusual. Excuse me a minute. The jury said there's excessive force. We know the jury thought that at least something was excessive. The jury also acquitted other officers. But we know the jury thought some of the force was not excessive. The jury said there was injury, but where did the jury say, did they say that the injury was caused by the excessive force? Yes, they did. Your Honor, is it possible that the injury was caused by this officer when he was doing something not excessive, and he used excessive force in some way that didn't cause injury? Well, I don't think we have to have that hypothetical discussion, Your Honor, because the jury was very clear. They said that Officer Maley, Officer Maley alone breached my client's constitutional rights, exercised excessive force, and that Officer Maley, that use of excessive force by Officer Maley caused injury to my client. Counsel, you're saying that he said that that use of excessive force caused injury. As I read the verdict, it wasn't to me totally clear, and it might have meant that Officer Maley caused injury, but maybe he caused injury through reasonable force. But then there wouldn't have been the finding that there was a constitutional violation using excessive force with the concurrent finding that that force that they found to be unconstitutional caused injury. So this is the problem, I think, with the opposition, is that they have tried to argue that this special verdict, as it was entered by the jury in our case, doesn't exist. Those two yes answers don't exist. Your argument is because the question number four was linked to question number three. It necessarily meant that the excessive force was what caused the injury. Well, actually, it's a little clearer than that, even, because what it says is, you're right, Your Honor, absolutely. But what it says, if you find that any of the defendants, or if you find that Officer Maley did exercise excessive force, did you find that Officer Maley's use of excessive force caused injury or damage? What case are you reading from? I'm reading from the jury verdict form itself, 107. Let me find it here, Your Honor. Okay. I know it's referenced not only in our brief, but our response for you. So number three says, did any of the following defendants violate the plaintiff's fourth amendment right to be free from excessive force? They said David Maley, yes. The answer, yes, is in the first three questions. Did the action of any defendant for whom you answered yes, meaning David Maley in this case? Right. That was the question I asked you. I said, because question number four was tied back to question number three. Yes, Your Honor. Yes. Yeah, that's what I was asking. And there's one other point I wanted to make before I reserve my time for rebuttal, is that even if for some reason you accept this argument that there's a waiver, even though there's no case law that would support that argument, so you'd be making new law, we still have a verdict that is inconsistent because of the finding of a violation and approximate resulting damage and no compensatory damages. So what do you think our, if we ruled for you, what would our holding be? Well, what I think is the fairest way to go, there's no dispute that the jury's finding of liability is what it is. Nobody's appealed that at all. All we've ever done with a post-trial motion in this appeal is ask that the verdict be corrected to award compensatory damage. So my suggestion would be, since all of the damages information wasn't contested at trial, and even though we prevailed in this case at trial, that's eight people listening to the facts. We understand that. My question was, what would you have us do? Well, what I'd like to see done is accept the special damage or the special damages that were entered into the record as an unsuited form, and then put the case back to a new jury to trial on general damages, or alternatively, overall damages. And then at the end of the day, after that verdict comes back, we need to readdress the motion for attorney's fees and costs based upon the finding that the jury gives us of compensatory. All right. We understand. You didn't say anything about the attorney's fees, so you submit on that issue. I've read the brief. I understand your position. You know, they're very similar issues. I just wanted to say that, and the brief is clear on this, but, you know, this case, the denial comes down to a couple of areas that I've already discussed, and the state of fact and the state of law about the jury's verdict and whether you can meld nominal and compensatory damage. In fact, the judge in our district court case said, well, you just suffered nominal compensatory damage. So if it's compensatory, then we're nominal. Well, the jury didn't seem to think that your client was entitled to very much money. I mean, the first time they said nothing, and the second time they said a dollar, even though you think they may have been misled a little bit. So it wasn't like they were thinking about a million dollars. Right. And I think we asked for somewhere in the neighborhood of $100,000 or less when we closed up our argument. So that's one point of it. Nobody in this case disputes that the officers did what they did to my client and that he was injured that way. The only defense at trial— Counsel, I still have a problem with the literal language of the jury's form. Let me try to rephrase it for you. And I only rephrase it because it's not interesting that the law requires us to try to reconcile what the jury did. Question number four says that you answered yes as to the earlier question. Did the action of any defendant for whom you said yes cause any injury? It doesn't say, did the excessive force, you know, for which—of any defendant—who you identified cause injury. It says, did the action of any defendant for whom you answered yes. And here they answered yes as to the one officer. Did the action of that officer cause any injury? So it's definitely not—and it may be wrong or accurate to have picked it. So I have an open mind to reject it. But it wasn't—the jury could have thought that Officer Maley used excessive force and that the actions of Officer Maley caused some injury when he was doing something that wasn't excessive, like, you know, fighting back if the guy was resisting arrest, but did not cause damage when he did something that was excessive. Such as? Do you see the point I'm asking you about and how you answer it? Well, Your Honor, I appreciate the question. I think the context of three and four together is clear, that there has to find, if any of these officers exercised excessive force, and it probably could have been clearer in question four, did you find that that excessive force caused injury? But I think it's clear enough in conjunction to say, did the actions of any of these defendants for whom you answered yes to the excessive force question cause injury? And that's our point as to this way of looking at it. But again, I think at the end of the day, we have to deal with a verdict that now has a finding of constitutional violation, fraudulent resulting damage, and then no compensation, when we know that that's not legally sound. So we're going to have to address that. And the final thing, whether you go with the waiver argument or not, but I don't think you should, because there's no case law that says that in that circumstance it's waived. But finally, the sufficiency of the evidence in this case, it was understood. The actions of the officers, the only one who had any contact with Officer Maley, or with my client rather, other than this time when all three were allegedly trying to subdue him, was Officer Maley. He's the one that threw him to the ground, his hands were cuffed behind his back, onto the asphalt. My client testified how that felt, how that straightened his face. That's all on the record. He's the one that hit my client, his head down onto the asphalt in the parking lot with his knee, while his hands were cuffed behind his back and then sprayed pepper spray in his eye. My client testified about how excruciating that was to experience. Given the findings of the jury, violation, causing injury, we're going to have to address this verdict and make it sound legal. All right, counsel, you've exceeded your time. Thank you, Your Honor. May it please the Court. My name is George Schaefer. I'm a Deputy City Attorney. Were you the trial attorney? No, I was not. Okay. Deputy City Attorney for the City of San Diego, and I represent the appellee in this case. And I would like to first address a couple of the issues that this Court seems focused on, one being the waiver issue. And it's vitally important that the language that the district court used when it proposed the special verdict form going back to the jury be considered, because the district court stated to the lawyers for the parties, my suggestion at this point, if you agree with my observation, would be to have the jury instructed that they are to award at least $1 in nominal damages as per the instructions for a constitutional violation if they found no compensatory damages, and then have them address the question anew as to whether punitive damages should be awarded in connection with that claim. The problem with that is the court said if they found no compensatory damages, but didn't give the jury the option to decide whether or not there were any compensatory damages, just directed them to find nominal damages. But the jury did find. They found in their initial verdict they awarded $0. But the problem is that you're rectifying that, because everybody recognized that that was not consistent. So we're past that point. We're at the point where the jury, where the court is trying to have the jury to recognize what the law requires and comply with that. Well, I think what the court was looking at is here the court had given jury instruction number 35 on nominal damages, the Ninth Circuit pattern jury instruction, telling them if they found there had been a failure to prove damages, they had to award nominal damages. And that was what the jury did not do initially. And when this was presented to Mr. Shurey, the court saying, I'll do this if you agree, he said, I think that's exactly what I'd like them to do. Well, counsel, in all fairness, I mean, you're in the heat of battle at that point. Normally when you settle jury instructions, you know, you've had an opportunity to research. Everyone has a chance to, you know, think and rethink. But when you're in the heat of battle, the jury's waiting. You're trying to come up with a solution. It really is not the same when you're giving jury instruction. You're trying to come up with a solution for the jury on the spur of the moment. So I can understand how someone might at the moment say that's okay, but upon reflection have a problem with it, especially if it's not, if the jury verdict is still inconsistent after having, after that instruction has been given. But, Your Honor, you're talking about the heat of battle, but look what the city did. The city was also, the court said, I'm going to reopen this on punitive damages and let the jury decide if they're going to award punitive damages. And the city objected to reopening that on punitive damages, but the district court went ahead and did that. So I realize that, you know, these, the heat of battle and it's a very stressful situation, but in this case, you know, counsel was asked, I'll do this if you agree with this. And he said that's exactly what I would do. I mean, what is it? Your Honor, just a little bit of a question, please. You know, as I understand the law, if a jury awards nominal damages, it may but it's not required to award punitive damages. So it seems to me it's not inconsistent, probably it's required for the district court to let them ponder punitive damages again after they enter a nominal damages award. To me, the tough thing in the case is, is the verdict inconsistent internally? And that is, is the answer to questions three and four inconsistent with not awarding any compensatory damages? And that may depend on how you read question four. Can question four be read to relate to causing injury that's not the injury not, or that's not excessive force injury but some legitimate injury? Because if not, it is somewhat inconsistent for the jury to say yes on question four and award zero. Judge Gould, I, the appellees agree with that observation that the way question four is phrased, that the jury could have been referring to the fact that there was injury but it was not as a result of excessive force. I do think two things need to be kept in mind. The jury had before it evidence from Plankfitt himself that he had drank four beers before this all happened. And all of his claims of having been injured could have easily been rejected by the jury on credibility grounds. But they didn't. They said he was injured. So they did not reject the testimony that he was injured because they expressly found there was injury. But I think the district court in its order really captured what the jury may have been thinking. And that is the jury heard the testimony from the officer that after this particular plaintiff tried to headbutt him, that he, I think the way he put it, I grabbed him in a deliberate move, a control hold that's taught in defense tactics. I took him to the ground, boom, threw him to the ground. And the district court talks about how from a technical standpoint that may have been considered excessive force not resulting in injury. And that makes sense from the scenario of all of the testimony because here are the other officers that were exonerated and they testified about how he was dicking and even Plankfitt himself on page 807 of Volume 4, he testified that he thought he hit the officer, officer Mailey, with a punch. Question, do you hit with a punch, guy? I think he did, yeah. So I mean that would clearly show one explanation for the thumb that was sprained as a result of this melee that took place. It's just really difficult to know. I mean, as Judge Biceland said, if that question was the injury caused by the excessive force, it would have been really clear. And, Your Honor, I do want to address that. That's a very good point. Who is to blame for the difficulty here? The parties were supposed to provide the district court with instructions, jury instructions. They did not. And the district court was very aggravated because it had to draft the instructions it gave them. And this is proven on Volume 1, page 25 of the record, where the district court says, they were never submitted to me, referring to the jury instructions. And the plaintiff comes and says, okay, I would agree with that. And the court said, okay, so you may have had them in your briefcase. They were never submitted to me. So basically I was put in a position where the court had to scramble to come up with its own case. Well, it's still the court's instruction to provide the law to a jury. I mean, it's not about blame. It's about who's assigned under the law the obligation to instruct the jury as to the law. And that's the judge's responsibility. I know it seeks input from the lawyers. But you're absolutely right, Your Honor. But it's also the obligation of the parties, if they object to an instruction, to object or submit an alternative instruction, which wasn't done in this case. And the court did its, you know, instructed on the law and instructed on the law nominal damages. And when it saw that that particular verdict form was at odds with the instruction nominal damages, consulted with the parties, said, I will do this. And the lawyer said, I agree with that. So there really has been not only a waiver, but this is the instruction that was adopted by Plaintiff's counsel. If a party agrees to an instruction and then the jury verdict is internally inconsistent, how can that be a waiver? Well, because the alleged inconsistency was known before that agreement was made by the lawyer. Wherefore, he said, yes, this is exactly what I would do. How can you know the inconsistency before the jury comes back again? Well, here's – well, but the jury had come back and the parties knew what they had done because the court said this is the problem. Here, the lawyer could have said, Your Honor, to the district court, we need to, you know, But it wasn't done. Counsel, what precedent would say that the lawyer has to say that if the verdict is inconsistent? I mean, two things are quite separate problems. One problem is if the jury finds excessive force and injury, that they have to award at least nominal damages. And if they didn't, the judge has to get back to them and give them another shot at terminating. Another question is, you know, is the no damage inconsistent with the answers to three and four? And I don't see why counsel can't raise that in a new trial motion. I don't know if it's inconsistent or not, but I don't see how the waiver avoids the issue of inconsistency. Well, the precedent that the appellee continues to rely upon is this Court's holding in Simone v. Robbins in 1999 that explicitly stated that, well, the party must object to the form of special interrogatories in the trial court in order to preserve the issue. If this Court's going to carve out an exception to that rule, this is not a good case to be doing that, because here the lawyer is actually affirmatively agreeing to the instruction that the district court gave. If that were the situation, then the party would always be able to claim error on appeal, even though he had agreed to the instruction that was given by the district court. And the district court's instruction was sound because of Ninth Circuit Model Theory Instruction 5.6, which requires that there be, if there is a finding of constitutional. If there is a finding of a constitutional deprivation and no injury, there must be nominal damages. But if there is a constitutional deprivation plus injury, there must be compensatory damages. Well, the instruction reads, the plaintiff has failed to prove damages as defined in the instructions. You must award nominal damages. Exactly. And they can't exceed $1. And that's exactly what the district court recognized as a problem in this case and why it carefully conferred with the party's lawyers. And when they were in agreement on that issue, gave the instruction that everybody had agreed to that. We understand your argument. You've exceeded your time. Thank you. Thank you to counsel. Thank you to both counsel. The case just argued is submitted for a decision by the Court. That completes our calendar for the day and for the week. We are adjourned.
judges: Gould, Rawlinson, Beistline